**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6916**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

BRIAN DARNELL HENDERSON, a/k/a B,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:07-cr-00023-KDB-DCK-2)

Submitted:  June 4, 2021                 Decided:  June 15, 2021

Before WILKINSON and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Darnell Henderson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Darnell Henderson appeals the district court's order denying his motions for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The district court determined that he was not eligible for a reduction based on First Step Act § 404(c), because he was resentenced in 2014, well after the effective date of the Fair Sentencing Act and in accordance therewith.[*] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See United States v. Henderson*, No. 5:07-00023-KDB-DCK-2 (W.D.N.C. May 18, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] On appeal, Henderson argues that he was not resentenced in accordance with the Fair Sentencing Act because it was not retroactive until the First Step Act. However, he was resentenced after the Supreme Court decided *Dorsey v. United States*, 567 U.S. 260, 281 (2012), concluding the Fair Sentencing Act applied to "post-Act sentencing of pre-Act offenders." He also argues the statutory range for his drug conspiracy conviction (Count 1) should have been lower under the Fair Sentencing Act based on the jury's drug quantity finding for cocaine base. However, that range remained the same due to the jury's finding for powder cocaine. Moreover, although his statutory range on the substantive drug count (Count 3) was lower under the Fair Sentencing Act, his Guidelines range and sentence on the drugs counts at his resentencing were both below the statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C). Thus, his sentence was previously imposed or reduced in accordance with the Fair Sentencing Act within the meaning of First Step Act § 401(c).